# United States District Court
## for the Northern District of Oklahoma

Case No. 23-CR-223-JDR

United States,

*Plaintiff*,

versus

Andrew Ryan Pruitt,

*Defendant*.

## OPINION AND ORDER

    Defendant Andrew Ryan Pruitt has been charged with one count of willfully and maliciously injuring a child and one count of failing to provide appropriate medical care, supervision, and caretakers to protect a minor child from harm or threatened harm, all in violation of 18 U.S.C. §§ 1151 and 1153 and 12 Okla. Stat. § 843.5(A) & (C). Dkt. 3. The Indictment sets forth a nine-day period during which the alleged injuries and associated acts and omissions took place, as well as the initials of the minor victim. *Id.* at 1-2. The Indictment does not, however, describe the specific injuries that were allegedly caused by Mr. Pruitt, nor does it describe the care Mr. Pruitt allegedly failed to provide. *Id.* Mr. Pruitt argues that this failure is fatal and asks this Court to dismiss the Indictment pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure or direct the Government to file a bill of particulars setting forth the specific acts and omissions encompassed by the Indictment. Dkt. 34 at 2-5. For the reasons set forth below, Mr. Pruitt's motion is DENIED.

Case No. 23-CR-223

A challenge to the sufficiency of an indictment is not a means to obtain discovery or test the merits of the government's case; instead, it is a vehicle for determining whether the allegations, taken as true, "are sufficient to establish a violation of the charged offense." *United States v. Todd*, 446 F.3d 1062, 1068 (10th Cir. 2006) (citing *United States v. Sampson*, 371 U.S. 75, 78-79 (1962), and *United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994)). An indictment is "sufficient if it (1) contains the essential elements of the offense intended to be charged, (2) sufficiently apprises the accused of what he must be prepared to defend against, and (3) enables the accused to plead an acquittal or conviction under the indictment as a bar to any subsequent prosecution for the same offense." *Hall*, 20 F.3d at 1087 (citing *Russell v. United States*, 369 U.S. 749, 763–64, (1962) and *United States v. Walker*, 947 F.2d 1439, 1441 (10th Cir.1991)). If these three elements are met, the indictment passes muster; the indictment need not allege in detail the factual proof that will be introduced to support the charges at trial. *United States v. Doe*, 572 F.3d 1162, 1173 (10th Cir. 2009) (quoting *United States v. Redcorn*, 528 F.3d 727, 733 (10th Cir.2008)).

The Court holds, and Mr. Pruitt concedes, that the first *Hall* requirement is satisfied. *See* Transcript of Hearing, April 17, 2024 ("THE COURT: All right. . . . [Y]ou believe that the statement does allege the essential elements of each of the two offenses? MS. JANG: Yes."). The Indictment plainly sets forth the essential elements of the crimes charged.

The second and third *Hall* requirements are likewise satisfied. The Indictment describes the conduct at issue (Mr. Pruitt's injury of a minor child and his failure to provide appropriate medical care, supervision, and caretakers for that child), the period in which the charged conduct took place (between on or about January 26 and February 3, 2021), and information describing the victim. Dkt. 3 at 1-2. This recitation fairly apprises Mr. Pruitt of "what he must be prepared to defend against," namely, injuring and failing to provide appropriate care for a particular child during a specific nine-day period.

*Hall*, 20 F.3d at 1087. Furthermore, a verdict based on the information in the Indictment would prevent the Government from asserting, in a future case, that Mr. Pruitt injured or failed to provide appropriate care for the same minor child during the same period. *Id*. *See Doe*, 572 F.3d at 1174 (concluding that the recitation of the "date, place, and which church the defendants allegedly burned" was "sufficient to enable defendants to assert a double jeopardy defense should they face subsequent charges"). The Indictment satisfies *Hall*'s requirements; nothing more is needed. *See United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988) (concluding no further details were required where the indictment set forth the applicable statutory language, the date the illegal activity took place, and the controlled substance at issue).

Mr. Pruitt claims the Indictment should specify which of the victim's injuries are either attributable to Mr. Pruitt or should have been cared for by him. *See* Transcript of Hearing, April 17, 2024 ("THE COURT: . . . [I]s the discovery not providing clarity relating to identifying a particular injury associated with your client? . . . MS. JANG: Right. . . . [I]s it the government's intention to state that he is in fact responsible for all of it despite what the doctor's report had said?"). But the indictment need not provide such particulars. *See United States v. Salazar*, 720 F.2d 1482, 1486 (10th Cir. 1983) (rejecting argument that the indictment lacked sufficient particularity where the indictment "contain[ed] the date of the illegal transactions, track[ed] the language of [the statute] and adequately set[ ] out the elements of the offense"); *United States v. Maxwell*, 534 F. Supp. 3d 299, 318 (S.D.N.Y. 2021) (concluding that the superseding indictment, which set forth open-ended time periods, described generic conduct such as "grooming," and did not identify minor victims by name, was nevertheless sufficient because it "describe[d] the time and place of the charged conduct in approximate terms," leaving the details to proof at trial (citation and internal quotation marks omitted)). Mr. Pruitt's concern that some of the victim's injuries may have been caused by ordinary activity, rather than abuse by Mr. Pruitt, "goes to the merits of the

Government's case, not the specificity of the charges." *Maxwell*, 534 F. Supp at 318.

The Court does not share Mr. Pruitt's concern that the lack of specificity in the Indictment impairs his counsel's ability to provide meaningful advice regarding settlement and sentencing. *See* Transcript of Hearing, April 17, 2024 ("[I]t's difficult to advise Mr. Pruitt on the sentencing guidelines . . . . [W]e don't know if there was assaultive conduct . . . that's being alleged here. We don't know if it's bodily injury vs. serious bodily injury. . . . [W]e're not going to be able to provide Mr. Pruitt with accurate guideline predictions where we don't know what the conduct is."). It is well established that a court imposing a sentence may consider a range of information, not just the information contained in the Indictment. *E.g., United States v. Taylor*, 272 F.3d 980, 982 (7th Cir. 2001) (recognizing that the U.S. Sentencing Guidelines permit courts to consider even uncharged conduct "to allow the sentence to reflect the seriousness of an offense rather than being limited by" the charge in the indictment). The hearing held on Mr. Pruitt's motion confirmed that Mr. Pruitt is aware of the full scope of the injuries—from scratches to broken bones—are at issue in this case. *See* Transcript of Hearing, April 17, 2024 (noting bilateral clavicle fractures, minor scrapes, and bruises to face, clavicle, legs, and ear). This information is sufficient to allow his counsel to provide meaningful guidance regarding the maximum sentence Mr. Pruitt would face if he is found guilty of the charged conduct and all of the alleged injuries are attributable to him.

Finally, the Court concludes that a bill of particulars is unnecessary in this case. Although this Court may, in its discretion, direct the filing of a bill of particulars,[1] it is not necessary to do so where "the indictment sets forth the elements of the offense charged and sufficiently apprise[s] the defendant of the charges to enable him to prepare for trial." *Levine*, 983 F.3d at 167

---

[1] *See* Fed. R. Crim. P. 7(f); *see also United States v. Levine*, 983 F.2d 165, 166 (10th Cir. 1992).

Case No. 23-CR-223

(quoting *Dunn*, 841 F.2d at 1030). The Indictment here provides the necessary details and, in any event, the discovery materials available to Mr. Pruitt and the representations made by the Government confirm that a bill of particulars is not needed here. *See United States v. Ivy*, 83 F.3d 1266, 1282 (10th Cir. 1996) (concluding that a bill of particulars was not required where the defendant had received sufficient discovery to prepare a defense). The Indictment, when considered in combination with the discovery produced by the Government, adequately informs Mr. Pruitt of the charged conduct with enough specificity to allow for the preparation of a meaningful defense. Accordingly, Mr. Pruitt's Motion to Dismiss [Dkt. 34] is DENIED.

DATED this 19th day of April 2024.

JOHN D. RUSSELL
*United States District Judge*